UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BANK OF AMERICA, N.A.

                    Plaintiff,

    -against-

GORDON KESSLER,

                    Defendant.
----------------------------------X

ORDER ADOPTING
REPORT & RECOMMENDATION
09-CV-1533 (JS)(MLO)

APPEARANCES:
For Plaintiff:    Jonathan R. Miller, Esq.
                 Wong Fleming, PC
                 821 Alexander Road
                 Princeton, NJ 08540

                 Steven Gerber, Esq.
                 Adorno & Yoss LLP
                 305 Fifth Avenue, Suite 5720
                 Empire State Building
                 New York, NY 10018

                 N. Noelle Letcher, Esq.
                 Adorno & Yoss LLP
                 155 Willowbrook Boulevard, Suite 300
                 Wayne, NJ 07470

For Defendant:    No appearance

SEYBERT, District Judge:

        Plaintiff, Bank of America, N.A. ("Plaintiff" or "BofA"), commenced this action on April 13, 2009. Plaintiff and Defendant, Gordon Kessler, entered into the Retail Loan Agreement ("Agreement"), wherein Plaintiff agreed to lend Defendant $699,328.00 for the purchase of the 55' Viking Convertible known as Grand Soleil, Official Number: 1127612. After that time, Plaintiff alleges, Defendant defaulted on his

obligations under the Agreement, and has not made an installment payment since November 2008. Thereafter, Plaintiff chose to accelerate the repayment of the note. In this breach of contract case brought in diversity, Plaintiff seeks to recover the value of the remaining note payments, plus interest and attorneys' fees. Defendant has failed to answer or appear.

Pending before the Court is Plaintiff's motion for entry of default judgment against Defendant. On September 25, 2009, this Court referred the motion to Magistrate Judge Michael L. Orenstein to issue a report and recommendation on whether the motion should be granted, and to determine the appropriate amount of damages, costs and/or fees, if any, to be awarded. On May 17, 2010, Judge Orenstein issued the Report & Recommendation ("R&R") recommending the entry of default judgment against Defendant. Additionally, Judge Orenstein issued a Supplemental Report & Recommendation ("Supplemental R&R") on July 23, 2010 recommending the award of attorneys' fees to BofA. As part of the R&R and Supplemental R&R, Judge Orenstein stated that Defendant needed to file its objections, if any, within fourteen days from the date it received service of the R&R and Supplemental R&R. That time has now passed; Defendant has not filed objections to either the R&R or Supplemental R&R, and all objections are deemed waived.

"When evaluating the report and recommendation of a

magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). However, if a party serves and files specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition, see FED. R. CIV. P. 72(b), the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b). When a party raises an objection to a magistrate judge's report, "the court is required to conduct a de novo review of the contested sections." See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt v. Police Officers William Joie and Thomas Fitzgerald, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (Mar. 4, 2002) (citations omitted).

In this case, no party has objected to Judge Orenstein's R&R. Upon careful review and consideration, the Court ADOPTS the R&R in its entirety, finding no clear error in its recommendations. Therefore, the Clerk of the Court is

directed to (1) enter a default judgment in favor of Plaintiff, consistent with Judge Orenstein's R&R and Supplemental R&R, and (2) mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  13 , 2010
       Central Islip, New York